846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edgar PERRY, Plaintiff-Appellant,
v.
Verne ORR, Secretary of the Air Force, Defendant-Appellee.
 No. 86-1064.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1988.
Decided May 9, 1988.
 
 Edgar Perry, appellant pro se.
 Nash Whitney Schott, Office of the United States Attorney, for appellee.
 Before WIDENER, K.K. HALL, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edgar Perry appeals a district court order dismissing without prejudice his employment discrimination case brought against the Air Force. The district court found that Perry had failed to cooperate in discovery and dismissed the case under Fed.R.Civ.P. 37. Because we find that the sanction of dismissal is too severe in this case and that lesser sanctions would be more appropriate, we remand this case to the district court for further proceedings.
 
 
 2
 Perry filed suit in the Northern District of California alleging that between 1984 and 1985, he had twice been denied a managerial position for discriminatory reasons. He moved the court for permission not to answer the defendant's discovery requests; then, the case was transferred over his objections to the Eastern District of Virginia.
 
 
 3
 When Perry did not respond to the defendant's request for the production of documents and interrogatories, the defendant wrote to Perry in January of 1986, urging him to answer. In late January Perry wrote to the defendant stating that he had received the interrogatories and that: 1) he objected to the numerous questions; 2) he was unable to answer them; 3) he found them burdensome; and 4) if the defendant would propound a narrower set of questions, he would answer them. In this same letter Perry indicated that he was about to leave town on vacation and would return on March 10, 1986.
 
 
 4
 The defendant moved for dismissal for Perry's failure to cooperate in discovery. The court held a hearing in February, at which Perry was not present, and dismissed the case without prejudice. The court found that Perry had refused to comply with any discovery and that there was some indication that Perry had voluntarily absented himself for more than a month when he knew that his case was pending.
 
 
 5
 Perry appealed stating that he was out of the country on annual leave for the month of February and that defense counsel had notice of Perry's plans before setting the deposition date for February.
 
 
 6
 Dismissal without prejudice could create serious statute of limitations problems for Perry as the alleged discrimination occurred between 1984 and 1985. 42 U.S.C. Sec. 2000e-5(e). Generally, when a case is dismissed for failure to comply with discovery, the court must base its decision on a finding of bad faith. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir.1986) (trial court abuses its discretion in dismissing claim if lesser sanctions would suffice; showing of bad faith or indication on record that it considered and rejected less severe sanctions would be necessary), cert. denied, 55 U.S.L.W. 3257 (U.S. Oct. 14, 1986) (No. 86-167); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985) (where drastic sanctions of dismissal are imposed, district court's discretion is narrowed and losing party's noncompliance with discovery must be due to willfulness, fault, or bad faith).
 
 
 7
 Although the district court had authority to sanction Perry under Fed.R.Civ.P. 37(d), without a clear finding of bad faith, a lesser sanction was warranted. Tamari v. Bache & Co., S.A.L., 729 F.2d 469 (7th Cir.1984) (willfulness, bad faith, or fault determines severity of sanctions when party fails to appear for deposition); see also Fed.R.Civ.P. 37(d) advisory committee's note (1970) (if default is not willful, dismissal and default judgment are not justified but lesser sanctions may well be).
 
 
 8
 The district court did not make a specific finding of bad faith. Perry, who is pro se, notified the defendant in writing that he objected to the interrogatories and that he would answer a more narrow set. In addition, Perry notified the defendant he would be out of town for the month of February. Finally, it is not clear from the record that Perry received notice of his scheduled deposition before he left town.
 
 
 9
 Because we think that dismissal without prejudice could present serious statute of limitations problems for Perry, we find that the sanction of dismissal in this case is too severe. Thus, we vacate the judgment of dismissal and remand this case to the district court for further proceedings. As the facts and legal arguments are adequately presented in the briefs and record, the decisional process will not be significantly aided by oral argument.
 
 
 10
 VACATED AND REMANDED.